KEN NAGY (I.S.B. No. 6176)
ATTORNEY AT LAW
508 West Chestnut St.
Genesee, Idaho 83832
Telephone: (208) 301-0126
Facsimile: (888) 291-3832
E-mail: knagy@lewiston.com

ATTORNEY FOR PLAINTIFF

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| INTERMOUNTAIN FAIR HOUSING COUNCIL, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>TOMLINSON & ASSOCIATES, INC., LATAH VILLAGE APARTMENTS, LATAH VILLAGE, LLC, GREENFIELD APARTMENTS, GOTTA LLC, GREENFIELD LLC, MICHELLE CHARLTON, TERESA STEWART, and HILLARY HARVEY,<br><br>Defendants. | CASE NO. 1:21-cv-506<br><br>AFFIDAVIT OF MONICA FABBI IN RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. 27) |

I, Monica Fabbi, being first duly sworn, state and depose as follows:

1. I am currently employed as a Staff Attorney by the Intermountain Fair Housing Council, Inc. (hereinafter "Plaintiff"), a position I have held since May 2021. I was previously employed by the Plaintiff as an Investigator from March 2016 until May 2021.

2. I am the custodian of all records pertaining to the above-entitled action. At all times material to the dispute at issue herein, I have continuously served in said capacity for the Plaintiff.

3. I acted as Investigator for the matters at issue in the above-entitled action beginning in or about March 2016 until May 2021, and have supervised the investigators on this matter since May 2021.

4. On May 8, 2017, as part of my investigation of the matters at issue in the above-entitled action, I conducted a search of the property ownership records maintained by the Assessor's Office for Ada County, Idaho regarding the Defendant Greenfield Apartments. The owner of record of said Defendant, as listed in the official records of the Ada County Assessor's Office, was the Defendant Gotta LLC, as indicated by the Ada County Assessor 2017 Assessment Notice attached hereto as Exhibit "A". Said Assessment Notice was downloaded by me from the Ada County Assessor's Office in response to a search for ownership records pertaining to the Defendant Gotta's real property located at 4911 West Albion Street, Boise Idaho, 83705, known as the Greenfield Apartments.

5. On or about September 12, 2018, the Plaintiff received a complaint from a family of black Africans that their fair housing rights had been violated by the Defendants on the basis of race, national origin, color and familial status, as alleged in the Verified Complaint and Demand for Jury Trial filed in this action. Doc. 1 at ¶47.

6. As a result of said complaint, the Plaintiff began testing the Defendants to determine whether there is evidence that the Defendants engaged in the complained-of discriminatory conduct and whether there is evidence that the Defendants maintain discriminatory housing

policies and practices, as described in the Verified Complaint and Demand for Jury Trial filed in this action. Doc. 1 at ¶¶47-51. The initial test of the Defendants was conducted on October 23, 2018, the second test was conducted on October 25, 2018, and the final test was conducted on October 30, 2018. As a result of said testing, the Plaintiff determined that the Defendants maintain discriminatory housing policies in violation of the Fair Housing Act and it filed an administrative complaint with the United States Department of Housing and Urban Development (hereinafter "HUD") regarding said matters dated June 22, 2019, in *IFHC v. Tomlinson & Associates, Inc.*, HUD Case No. 10-19-1045-8. *Exh. "B"*.

7. Said administrative complaint was filed with and received by HUD on June 27, 2019. *Exh. "C"*. The document attached hereto as Exhibit "C" is the proof of transmittal maintained by HUD and provided to the Plaintiff by HUD that confirms the date that said administrative complaint was sent to and received by HUD. HUD dismissed said proceeding on August 18, 2020. *Exh. "D"*. Said proceeding was pending with HUD for a total of 418 days.

8. On or about June 23, 2020, a guest of a black African resident of Defendant Latah Village complained to the Plaintiff that the family was being subjected to discrimination on the basis of race, national origin and color as the result of the Defendants' discriminatory enforcement of its parking rules. The guest directed the black African resident to me to investigate the claims. On July 29, 2020, the black African resident complained to the Plaintiff that he and his family were receiving parking violations/enforcement actions in the visitor parking spaces, while non-black African families were also parking there and not receiving violations/enforcement actions. I reviewed those allegations and found them to constitute a continuing pattern of discriminatory conduct engaged in by the Defendants pertaining to

enforcement of its parking rules that had begun as early as August 2015 and continuing through August 30, 2016, October-November 2016, and July-August 2020 as alleged in the Verified Complaint and Demand for Jury Trial filed in this action. Doc. 1 at ¶¶26-28, 41-43 and 54.

9. On or about July 7, 2020, an Iraqi-American resident of Defendant Latah Village complained to the Plaintiff that she is being subjected to discrimination on the basis of race, national origin and color as the result of her application to add a roommate to her lease and the Defendants' initial denial of the request, issuance of lease violation notices, and ultimate refusal to process the request, as alleged in the Verified Complaint and Demand for Jury Trial filed in this action. Doc. 1 at ¶55.

10. As a result of the discriminatory conduct discussed in Paragraphs 8 and 9 above, I determined that the Defendants were continuing to engage in a long-term pattern of discriminatory conduct on the basis of race, national origin, color and familial status in violation of the Fair Housing Act and recommended that the case be referred for litigation. For these reasons, the Verified Complaint and Demand for Jury Trial was filed in this action. Doc. 1.

11. I submit this affidavit in support of the Plaintiff's Response to Motion for Summary Judgment filed herewith in this proceeding.

12. Further your affiant sayeth naught.

DATED this 7th day of September, 2022.

MONICA FABBI

STATE OF IDAHO )
) ss
County of Ada )

SUBSCRIBED AND SWORN TO BEFORE ME this 7th day of September, 2022.

(SEAL)

INGRID ANDRULIS
Notary Public - State of Idaho
Commission Number 61490
My Commission Expires Apr 22, 2025

Ingrid Andrulis
Notary Public in and for the State of Idaho,
Residing at Boise, Idaho
My commission expires: 4.22.2025

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 8th day of September, 2022, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Carsten A. Peterson
Joshua O'Hare
Hawley Troxel Ennis & Hawley, LLP
P.O. Box 1617
Boise, ID 83701-1617

Ken Nagy
Digitally signed by Ken Nagy
DN: cn=Ken Nagy, o, ou, email=knagy@lewiston.com, c=US
Date: 2022.09.08 10:00:15 -07'00'

Ken Nagy



**Robert H. McQuade**
**Ada County Assessor**
190 E Front Street Suite 107
Boise, ID 83702-7300
adacountyassessor.org

# 2017
## ASSESSMENT NOTICE

**THIS IS NOT A BILL**
**DO NOT PAY.**

PARCEL DESCRIPTION:
PAR #1324 OF LOTS 1 & 2 BLK 4
SCOTTS 4TH SUB
R/S #2526
#1323-B

For any questions, please notify the Assessor's Office immediately

Assessor's Telephone Number: (208) 287-7225
cchurch@adaweb.net

Parcel Address: 4911 W ALBION ST
BOISE ID 83705

Appeals of your property value must be filed in writing, on a form provided by the County, by:
June 26, 2017

GOTTA LLC
TRW APARTMENTS LLC
205 N 10TH ST FL 2
BOISE ID 83702

Tax Code Area: 01-6

Parcel Number: R7780511324

## ASSESSED VALUE OF YOUR PROPERTY

| CURRENT DESCRIPTION | LOTS/ACRES | LAST YEAR'S VALUE | CURRENT YEAR'S VALUE |
|---|---|---|---|
| COM IMPROVEMENT | | 2,476,800 | 3,252,500 |
| COM LOT OR TRACT | 4.482 | 683,300 | 717,500 |
| TOTAL ASSESSED VALUE: | 4.482 | 3,160,100 | 3,970,000 |
| LESS HOMEOWNERS EXEMPTION: | | 0 | 0 |
| NET TAXABLE PROPERTY VALUE: | | 3,160,100 | 3,970,000 |

These values may not include personal property values. Taxes are based on the values shown on this Notice and on the Budgets of the taxing districts.

2,440,000
45,210
2013

2,900,000
49,816
2014

3,400,000
57,360
2015

3,160,100
51,746
2016

3,970,000
2017

**HISTORICAL ASSESSED VALUES & TAXES**
**Property Roll**
**Black = Total Assessed Value**
**Gray = Taxes**
**Current Year Tax not yet available**

## TAXING DISTRICT INFORMATION

| TAXING DISTRICTS | PHONE NUMBER | DATE OF PUBLIC BUDGET HEARING |
|---|---|---|
| ADA COUNTY | (208) 287-7000 | 7-17-2017 |
| EMERGENCY MEDICAL | (208) 287-2962 | 7-17-2017 |
| ADA COUNTY HIGHWAY DIST | (208) 387-6123 | 8-23-2017 |
| SCHOOL DISTRICT NO. 1 | (208) 854-4029 | 6-12-2017 |
| BOISE CITY | (208) 384-3732 | 7-18-2017 |
| MOSQUITO ABATEMENT | (208) 577-4646 | 7-17-2017 |
| COLLEGE OF WESTERN IDAHO | (208) 562-3299 | 7-18-2017 |

**THIS IS NOT A BILL. DO NOT PAY.**

See the back of this Notice for details

Assessments reflect MARKET VALUE as of 1/1/17; for Homeowner and Property Tax Reduction questions call (208) 287-7200.

EXHIBIT

"A"

000000-0060655

# Housing Discrimination Complaint

**Case Number:**

1. **Complainant(s):**

   Intermountain Fair Housing Council
   4696 W. Overland Rd.
   Suite 140
   Boise, ID 83705

2. **Complainant Representatives:**

   Zoe Ann Olson, Executive Director
   Intermountain Fair Housing Council
   4696 W. Overland Rd.
   Suite 140
   Boise, ID 83705

3. **Other Aggrieved Parties:**

   N/A

4. **The following is alleged to have occurred or is about to occur:**

   Discriminatory refusal to rent or otherwise deny or make housing unavailable
   Discriminatory terms, conditions, privileges, or services and facilities
   Discriminatory advertising, statements, or notice
   Coercion interference, retaliation based on Race and/or National origin.
   Steering

5. **The alleged violation occurred because of:**

   Familial Status
   National Origin

6. **Address and location of the property in question (or if no property is involved, the city and state where the discrimination occurred):**

   Latah Village Apartments
   3905 W. Alpine St.
   Boise, ID 83705

7. **Respondents**

   Latah Village, LLC, Owner
   c/o Tomlinson and Associates
   P.O. Box 108
   Boise, ID 83701

EXHIBIT "B"

**Registered Agent for Latah Village, LLC:**
James R. Tomlinson
205 N. 10th St., 2nd Floor
Boise, ID 83702

Tomlinson & Associates, Inc.
Property Manager
205 N. 10th St., 2nd Floor
Boise, ID 83702

**Registered Agent for Tomlinson and Associates:**
James R. Tomlinson
205 N. 10th St., 2nd Floor
Boise, ID 83702

**Employees or Contractors of Property Manager**
Teresa Stewart
c/o Tomlinson & Associates, Inc.
205 N. 10th St., 2nd Floor
Boise, ID 83702

Hillary Doe
c/o Tomlinson & Associates, Inc.
205 N. 10th St., 2nd Floor
Boise, ID 83702

**8. The following is a brief and concise statement of the facts regarding the alleged violation:**

The Intermountain Fair Housing Council (IFHC) is a nonprofit organization whose mission is to ensure open and inclusive housing for all persons without regard to race, color, sex, religion, national origin, familial status, sexual orientation, gender identity, source of income, or disability. IFHC attempts to eradicate discrimination through, among other things, education on the fair housing laws, housing information and referral, housing counseling, and assistance with mediating and or filing fair housing complaints. IFHC also provides education and outreach on fair housing laws and practices to housing providers and others.

Upon information and belief, Latah Apartments is owned by Latah Village L.L.C., c/o Tomlinson and Associates, and managed by Tomlinson and Associates. At the time of the actions described in this complaint, Respondents Teresa Stewart and Hillary Doe were managers at Latah Village. Latah Village is an apartment complex in Boise that has a significant population of residents of Somali and Congolese national origin. Most of these residents are New Americans.

As a result of Respondents' following failures to comply with the requirements of the Fair Housing Act, IFHC has had to divert resources from other fair housing activities throughout the state. Also, IFHC's mission is frustrated because these violations may tend to communicate to housing consumers and housing providers that such discriminatory practices are either permissible or that

corrective remedies are not available.

IFHC diverted resources by sending educational flyers to the households in this area. IFHC diverted additional resources by educating Respondent Tomlinson & Associates through an educational discussion with their then attorney, Terry Kitay and IFHC attorney Ken Nagy and subsequently an educational letter to their attorney, David Penny, regarding IFHC's concerns with Respondents' occupancy policies.

IFHC also diverted its resources to counsel Anjelani Kandolo and Joseph Kashindi Siwatwa who were discriminated against on the basis of national origin and familial status. Anjelani Kandolo and Joseph Kashindi Siwatwa are a married couple from the Democratic Republic of Congo and have four children under the age of 18 living with them, as well as one adult child. They were evicted from their three bedroom apartment at Latah Village after their youngest child reached the age of 5. Tomlinson's occupancy policy states a three bedroom unit may have a maximum occupancy of two people per bedroom with no more than three adults and allows for a seventh person if the seventh person is under five years old.

On October 23, 2018, Tester 121486 (Tester 1), a Caucasian female with no accent, contacted Respondents Latah Village by phone inquiring about the availability of three bedroom apartments. Tester 1 stated that she had one child over the age of 18, and a total of 5 children. Respondent Teresa Stewart stated "okay", and they move on to discuss other issues.

On October 25, 2018, Tester 030181 (Tester 2), a Caucasian female with no accent, goes to Respondents Latah Village Apartments and inquires into picking up an application. Tester 2 states it is hard to find a place for her 7 person family. Tester 2 asks if the adult son would need to apply as well, and Respondent Teresa Stewart said no, they could include him on the "kid application." The tester clarifies that they would only need one application for all 3 adults, and Respondent Stewart confirms yes. Respondent Stewart then clarifies there are only 3 adults in the home and 4 minor children. Respondent Stewart then states incorrectly states that "it is the law" that there can be no more than 7 people in a three bedroom, and the youngest must be under 5. Tester 2 says her youngest is now 5. Respondent Stewart states they will be fine as long as they sign a lease before the child turns 6. Once the child is 6, the family will not be able to renew the lease. Respondent Stewart tells Tester 2 that if their adult son has not moved out by the time their youngest child turns 6, she would have to send them a non-renewal, but "we could work that out, don't let that stress you."

On October 30, 2018, IHFC Tester 021174 (Tester 3), an Iranian female with an accent, contacted Latah Village by phone inquiring about renting an apartment, with the same family composition at Tester 2, 3 adults and 4 minor children. After making inquiries about rent and costs, Tester 3 mentioned she has a 19 year old son and that her youngest child is 5 years old. Respondent Hillary Doe asked if the tester's 19 year old son wanted to live with her. Tester 1 told her yes. Respondent Hillary Doe said the family would have to look into four-bedroom apartments due to occupancy restrictions. Respondent Hillary Doe recited Respondents' occupancy policy of no more than 3 adults, no more than 7 people, and youngest must be under 5. Tester 3 stated her youngest child was currently 5 years old, and Respondent Hillary Doe stated the child has to be under 5. Tester 3 asked again whether the child could be 5 or must be under 5 years of age. Respondent Hillary Doe incorrectly stated it was "state law" and reiterated the children must be under 5. Respondent Hillary Doe then steered Tester 3 toward finding a four-bedroom apartment at a different Tomlinson-owned property that is not income based. No such state law or city ordinance supports Respondent's strict limit on occupancy.

Complainants have information and belief that Caucasian, US-born individuals are not subject to such barriers regarding occupancy limits and children present in the unit. Neither are such persons subject to being steered towards larger units in other properties. Nor are Caucasian, US-born families steered to non-income based four bedroom units at other complexes. The testing above supports these allegations; the Caucasian female without an accent was told that the family could live at Respondents' Latah Village until their youngest turned 6, and even then, were told that something could be worked out. The Iranian-born tester with an accent was not allowed to apply at Respondents' Latah Village because her youngest child was currently 5, she was not offered any exceptions until the child turned 6, she was not offered any reassurances that something could be worked out when the child turned 6, and was steered to a different apartment complex.

This allegation is also supported by a 2016 police video in which Michelle Charlton (the prior manager and supervisor of Respondents Theresa Stewart and Hillary Doe) stated Latah Village is "no longer an African community" and that it is "50% white now."

Per HUD Guidance, Respondents' occupancy policy violates the Fair Housing Act. Additionally, as applied, the policy denies housing to large families with children and is applied differently to families of Congolese and Somali birth than to Caucasian, US-born families in the inquiry/application process. Further, both Idaho law and Boise City Code would allow more individuals to live in the unit than is allowed by Respondents' occupancy policy. Respondents interfered with the family and Complainant's fair housing rights by misinforming testers about a nonexistent Idaho law to support the restrictive policy. There is no such Idaho law and seven people in the unit would not violate Boise City Code. This family of seven should be able to occupy this three-bedroom two full bathroom unit

These actions are systemic and part of the HUD 10-18-7517-8, its companion cases, and these current tests. Bona fides Anjelani Kandolo and Joseph Kashindi Siwatwa, should be considered with the previous open case, as it shows ongoing violation even after the original Respondent Charlton was no longer employed by Tomlinson and Associates.

Complainants have information and belief that Respondents have engaged in a continuing practice of establishing barriers to applying and renting to individuals of color and non-US national origin and especially those with large families. This continuing discrimination has continued through changes of local managers and requests by Complainants to cease such discriminatory policies and practices.

**9. The most recent date on which the alleged discrimination occurred:**

October 30, 2018

**10. Types of Federal Funding Identified:**

To our knowledge, Respondents receive no federal funds.

**11. The acts alleged in this complaint, if proven, may constitute a violation of the following sections:**

Sections 804(a) 804(b), 804(c), and or 804(d) of Title VIII of the Civil Rights Act of 1968 as amended by the Fair Housing Act of 1988.

**Please sign and date this form:**

**I declare under penalty of perjury that I have read this complaint (including any attachments) and that it is true and correct.**

Zoe Ann Olson — 6/27/19

Zoe Ann Olson (Date)

**N O T E: HUD WILL FURNISH A COPY OF THIS COMPLAINT TO THE PERSON OR ORGANIZATION AGAINST WHOM IT IS FILED.**

## Complaint for filing

Alison Brace <abrace@ifhcidaho.org>
Thu 6/27/2019 8:40 PM
To: Tarver, Andrew <andrew.tarver@hud.gov>
Cc: Zoe Ann Olson <zolson@ifhcidaho.org>;Linda Lopez <llopez@ifhcidaho.org>

2 attachments (223 KB)
Kandolo 903 IFHC.docx; HUD packet.pdf;

Andrew,
Attached please find a complaint to be filed. I am on vacation from June 28th through July 12th. If you need anything further on this matter, please do not hesitate. Please contact Zoe Ann and or Linda, as they will be monitoring this case in my absence. The intake individual usually asks for the Word document, so in an effort to be preemptive, I have attached it as well.
Best,

***Alison E. Brace***
*Intermountain Fair Housing Council*
***Please Note: I am not in the office on Fridays.***
*(208) 383-0695 x303*
*(208) 383-0715 (facsimile)*
*4696 W. Overland Rd., Suite 140*
*Boise, Idaho 83705*
*www.ifhcidaho.org*
www.facebook.com/ifhcidaho
https://twitter.com
Follow us on Instagram!

**The contents of this email and any attachments to it contain confidential or legally privileged information from the Intermountain Fair Housing Council. This information is only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the comments of the contained information is strictly prohibited and that the documents should be returned to this firm immediately. If you have received this email in error, please notify us by email immediately.**

EXHIBIT "C"



Northwest/Alaska Area
Office of Fair Housing and Equal Opportunity
Seattle Region
Program Center, Enforcement/Intake Branch
909 First Avenue, Suite 205
Seattle, Washington 98104-1000

August 18, 2020

Intermountain Fair Housing Council
4696 W. Overland Rd., Suite 140
Boise, ID 83705

Dear Complainant:

Subject: Housing Discrimination Complaint
IFHC v Tomlinson & Associates, Inc.
Inquiry No. 591408
HUD Case No. 10-19-1045-8

The U.S. Department of Housing and Urban Development (HUD) administratively enforces the Fair Housing Act of 1968 (the Act). HUD has completed its investigation of the above-referenced complaint. Efforts to voluntarily conciliate the complaint during the course of the investigation were unsuccessful.

Based on the evidence obtained during the investigation, HUD has determined that no reasonable cause exists to believe that a discriminatory housing practice has occurred. Accordingly, HUD has completed its administrative processing of this complaint under the Act, and the complaint is hereby dismissed. The enclosed Determination of No Reasonable Cause contains a summary of the factual evidence supporting this dismissal.

**Retaliation is a violation of the Fair Housing Act.** Section 818 of the Act makes it unlawful to retaliate against any person because he or she has filed a housing discrimination complaint; is associated with a complainant; has counseled or otherwise assisted any person to file such a complaint; or has provided information to HUD during a complaint investigation. Section 818 also protects complainants against retaliatory acts that occur after a complainant has withdrawn, settled, or conciliated a housing discrimination complaint. Section 818 protects complainants against retaliatory acts that occur after a finding of no

reasonable cause. Any person who believes that he or she has been a victim of retaliation for any of the reasons listed above may file a housing discrimination complaint with HUD within one (1) year of the date on which the most recent alleged retaliatory act(s) occurred or ended.

**Right to file a civil lawsuit.** Notwithstanding HUD's dismissal of this complaint, under Section 813(a) of the Act, the complainant may file a civil lawsuit in an appropriate federal district court or state court within two (2) years of the date on which the alleged discriminatory housing practice occurred or ended. The computation of this two-year period does not include the time during which this administrative proceeding was pending with HUD. If, upon the application of either party, the court determines that the party is financially unable to bear the costs of the civil lawsuit, the court may appoint an attorney, or may authorize the commencement of or continuation of the civil lawsuit without the payment of fees, costs, or security.

**Public Disclosure.** Section 103.400(a)(2)(ii) of HUD's regulation implementing the Act requires that HUD shall publicly disclose the dismissal of this complaint, unless a complainant or a respondent requests in writing that no such disclosure shall be made. Requests for nondisclosure must be made within thirty (30) days after receipt of this Determination. Nondisclosure requests should be submitted to the same HUD Office that issued the Determination. Notwithstanding such a request, the fact of this dismissal, including the names of all parties to the complaint, is public information and is available upon request.

If you have any questions regarding this closure please contact the point of contact listed below for assistance.

                          Sincerely,

                          *Barbara L. Lehman*

                          Barbara L. Lehman
                          Regional Director FHEO
                          Region X - Seattle

Enclosures