UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| INTERMOUNTAIN FAIR HOUSING COUNCIL, INC., | Case No. 1:21-cv-00506-BLW |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| TOMLINSON & ASSOCIATES, INC., LATAH VILLAGE APARTMENTS, LATAH VILLAGE, LLC, GREENFIELD APARTMENTS, GOTTA LLC, GREENFIELD LLC, MICHELLE CHARLTON, TERESA STEWART, and HILLARY HARVEY, | |
| Defendants. | |

**INTRODUCTION**

Before the Court is Defendants' Motion for Leave to Supplement the Record (Dkt. 32). For the reasons explained below, the Court will grant the motion, deny plaintiff's request for sanctions, and allow plaintiff an opportunity to submit supplemental briefing to address the additional items that will be added to the record.

**BACKGROUND**

This is a Fair Housing Act case involving two apartment complexes in Boise

– Latah Village Apartments and Greenfield Apartments. Plaintiff Intermountain Fair Housing Council, Inc. ("the Council") alleges that Defendant Tomlinson & Associates, Inc. and three of its employees violated the Fair Housing Act in connection with their management of the two apartment complexes. Among other things, the Council alleges that defendants discriminated against tenants and prospective tenants on the basis of race, national origin, color, and familial status.

All defendants have moved for summary judgment, and the Court is scheduled to hear argument on that motion on February 1, 2023. Defendants' central argument is that the Council's claims are time-barred.

After the Council filed its response to the pending motion for summary judgment, defendants asked to supplement the record in two limited ways: First, they wish to submit two quit-claim deeds to help establish ownership of the Greenfield Apartments complex. Second, they ask to submit a two-page declaration from the Barbara Lehman, along with documents related to that declaration – namely, a cover letter and an email thread. Ms. Lehman is the Regional Director of the Office of Fair Housing and Equal Opportunity, and her declaration speaks to the date one of the underlying administrative complaints was filed. That issue, in turn, is relevant to defendants' argument that this federal action is time-barred.

## LEGAL STANDARD

If a litigant moves for summary judgment but fails to support an assertion of fact, or to address an opponent's assertion of fact, Federal Rule of Civil Procedure 56(e) gives the district court a number of options – including allowing the moving party "to properly support or address the fact." Fed. R. Civ. P. 56(e)(1). In other words, if the moving party fails to establish an essential fact as required by Rule 56(c)(1), the moving party may get a chance to supplement the record. That is precisely what defendants want to do here. Whether to permit a litigant to supplement the factual record in this manner is a discretionary call for the district court. *See id.* (stating that "the court may" issue appropriate orders); *see also e.g., Betz v. Trainer Wortham & Co.*, 610 F.3d 1169, 1171 (9th Cir. 2010). As a general rule – and particularly where the moving party asks to supplement in a very limited fashion – the Court believe supplementation should be encouraged so that the Court is presented with a complete factual record. *See generally Rutter Group Prac. Guide, Fed. Civ. Pro. Before Trial* ¶ 14:95.4 (observing that Rule 56 "seems designed to encourage supplementing the motion papers to present a proper record whenever possible").

## ANALYSIS

### A.  Defendants' Motion to Supplement the Record

In moving for summary judgment, defendants asserted two seemingly

straightforward facts: (1) that an administrative complaint was filed on August 9, 2019, and (2) that Defendant Gotta LLC does not directly own the Greenfield Apartment complex. The Council disputes both facts. Defendants say the dispute was unexpected, and they now wish to supplement the record to address these factual issues.

### 1.  Documents Related to the Filing of the HUD Complaint

The Court will first address the date the HUD complaint was filed. In their moving papers, defendants asserted that the Council filed that complaint with HUD on August 9, 2019. *See Def. Fact Stmt.,* Dkt. 27-2, ¶ 18. That filing date is critical because if it is correct, defendants say the Council's claims are time-barred. To support the August 9, 2019 filing date, defendants relied upon attorney David Penny's declaration, which, in turn, attached a copy of a document entitled "Housing Discrimination Complaint." *See Penny Dec.* ¶ 16, *Ex. C*, Dkt. 27-3.

In responding to the motion, the Council asserted that this administrative complaint was actually filed on June 27, 2019 – not August 9, 2019. The Council supported its assertion with a June 27, 2019 email one of its attorneys had sent to HUD, which referenced an attached "complaint to be filed." *See Fabbi Aff., Ex. C,* Dkt. 30-1.

Defendants say this evidence caught them off guard, given that the formal HUD "Determination of No Reasonable Cause" expressly states that the complaint

was filed on August 9, 2019. *See Motion Mem,* Dkt. 32-1, at 3; *Ex. D to Penny Dec.*, Dkt. 27-3, at 1 (referring to "the Complaint's filing with HUD on August 9, 2019"). And after viewing plaintiff's evidence, defendants are asking to add three items to the record. First, they tracked down a declaration from Barbara Lehman. As noted above, Ms. Lehman is the Regional Director of the Office of Fair Housing and Equal Opportunity. Ms. Lehman says that that while HUD received an inquiry on June 27, 2019, that inquiry was not converted to a complaint until August 9, 2019 – after her office had investigated the matter and determined that there was jurisdiction. *See Lehman Dec.* ¶¶ 4-5, Dkt. 32-2. Second, the Council wishes to add an email chain between defense counsel and Rebecca Jacobson, a trial attorney with HUD. *See Ex. A to Peterson Dec.,* Dkt. 32-2. Third, the Council wishes to add an August 12, 2019 cover letter HUD sent to Defendant Tomlinson, which enclosed the subject complaint. *See Supp. Penny Dec.* ¶ 7, Ex. C thereto, Dkt. 34. Defendant say these documents will help establish a "true filing date" of August 9, 2019.

### 2.  The Ownership of the Greenfield Apartment complex

The next proposed supplement to the record involves Defendant Gotta LLC, and the ownership of the Greenfield Apartments complex. In filing their motion, defendants asserted that Gotta was a "passive member and investor" of Greenfield, LLC and that it did not provide any management services to either apartment

complex at issue. *See Penny Dec.* ¶ 7, Dkt. 27-3. Based on that assertion, defendants argued that Gotta LLC should be dismissed. *Id.*

In response, the Council pointed to a 2017 Ada County assessment notice indicating that Gotta LLC was indeed the owner of the Greenfield Apartment complex property – at least as of that date. *See Fabbi Dec.* ¶ 4, Ex. A thereto, Dkt. 30-1. Defendants would now like to supplement the record with two quit-claim deeds. They say these deeds will show Gotta LLC transferred its entire interest in the "Greenfield Property" to Greenfield LLC in November 2020 – before this lawsuit was filed. *See Penny Supp. Dec.* ¶¶ 5-6, *Exs. A & B thereto*, Dkt. 34.

### 3. Defendants Will Be Allowed to Supplement the Record

The Council urges the Court to deny the motion and sanction the defendants for bringing it. It argues that there is no legal basis for the motion, and, further, that defendants should have completed their investigation into both issues before moving for summary judgment.

The Court is not persuaded. As noted above, Rule 56(e) provides the legal authority for this motion. And while a moving party should of course complete its investigation before bringing a motion for summary judgment, in this case it is understandable that defense counsel did not more thoroughly investigate the asserted facts. For example, upon reading the HUD decision which referenced an August 9, 2019 filing date, it is understandable that counsel did not further

investigate that fact. Granted, in hindsight, they should have probed more deeply.

But the larger point is that counsel cannot spend time and resources chasing down

seemingly simple, straightforward, undisputed facts. Further, it's not often that

something as straightforward as ownership of real estate is disputed. And here, it

appears that the parties are simply looking at the ownership of the Greenfield

Apartments complex property at two distinct points in time. The Court sees no

reason not to allow the record to be supplemented, such that it has a complete

factual record when ruling on the pending motion for summary judgment.

For all these reasons, the Court will grant defendants' motion to supplement

the record and deny the Council's request for sanctions.

## B.      Plaintiff's Request for an Opportunity to Respond

The Court will grant the Council an opportunity to respond to the

supplemented record. In that regard, the Council has argued that it will be forced to

expend "significant additional time and effort" to do that. The Court is not

convinced that responding to the supplemented record will require *significant* time

and effort. Rather, it seems that these issues are relatively limited, and that the

Council should be able to address them rather quickly. For that reason, the Court

expects both parties to be prepared to address the factual record – as supplemented

– at the upcoming oral argument. The Court will also grant the Council a chance to

file a supplemental, post-hearing brief addressing the supplemented record. After

reviewing that brief, the Court will determine if any additional briefing is required.

## ORDER

**IT IS ORDERED that:**

(1) Defendants' Motion for Leave to Supplement the Record (Dkt. 32) is

   **GRANTED.**

(2) Plaintiff's request for sanctions is **DENIED.**

(3) Plaintiff shall file a short supplemental response brief, not to exceed 10

   pages, which shall be limited to addressing the issues raised by the

   supplemented record. Such brief shall be filed by no later than **February**

   **15, 2023.**

DATED: January 27, 2023

B. Lynn Winmill
U.S. District Court Judge